UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:06-60059-01 |
| --- | --- | --- |
| | | CIVIL NO. 6:13-2747 |
| VERSUS | * | JUDGE DOHERTY |
| GEORGE CELESTINE | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner, George Celestine ("Celestine"). [rec. doc. 309]. The Government has filed an Answer and a Memorandum in Support of its Answer [rec. doc. 317], to which petitioner filed a Reply. [rec. doc. 318]. For the following reasons, the undersigned recommends that the Motion be **DENIED AND DISMISSED WITH PREJUDICE**. Because the undersigned is able to make this recommendation based on the record, transcripts and briefs filed by the parties, no evidentiary hearing is necessary.[1]

## BACKGROUND

Celestine and his co-defendants had been named in an earlier Indictment that was ultimately dismissed on the government's motion on June 27, 2006. That Indictment had been the subject of three mistrials, two interlocutory appeals and two Motions to Dismiss

---

[1] No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. *United States v. Green,* 882 F.2d 999, 1008 (5th Cir.1989).

based on alleged violations of the Speedy Trial Act.[2]  *USA v. Celestine*, 6:01-cr-60127 [rec. docs. 325, 461, 568, 362, 458, 471, 280 and 541].

On September 15, 2006, Celestine was named with three others in a multi-count Indictment charging him with various narcotics offenses.  [rec. doc. 1].

On November 17, 2006, Celestine filed a Motion to Dismiss the Indictment asserting violations of the Speedy Trial Act, his Sixth Amendment right to a speedy trial, his Fifth Amendment right against twice being placed in jeopardy, and Rule 48(b) of the Federal Rules of Criminal Procedure. [rec. doc. 75].

On April 17, 2007, the undersigned issued a Report and Recommendation, finding that Celestine's Sixth Amendment speedy trial right had been violated and, accordingly, recommending that Celestine's Indictment be dismissed.  That recommendation was based on the undersigned's finding that Celestine had adequately asserted his Sixth Amendment right to a speedy trial by virtue of his having previously filed Motions to Dismiss his indictment for violation of the Speedy Trial Act.  The undersigned also found that Celestine's 1615 days of pre-trial incarceration, even if 800 of those days should be chargeable to Celestine, created a presumption of prejudice under the three part *Barker* analysis.[3]  [rec. doc. 83, pgs. 23-26].

---

[2]Celestine also filed Motions to Dismiss based on an alleged double jeopardy violation [rec. doc. 322] and alleged discovery violations [rec. doc. 508], as well as Motions for Release from pre-trial detention. [rec. docs. 279, 375].  None of these Motions contains a demand for a speedy trial.

[3]The undersigned alternatively found that Celestine had demonstrated actual prejudice for essential the same reason.

2

On June 6, 2007, the Fifth Circuit issued its decision in *United States v. Frye*, 489 F.3d 201 (5th Cir. 2007), *cert. denied,* 552 U.S. 1126, 128 S.Ct. 941, 169 L.Ed.2d 776 (2008) (*Frye II*). In *Frye II*, with respect to the third *Barker* factor, the Fifth Circuit noted a distinction between asserting a "remedy" and asserting a "right" under the Sixth Amendment, finding that a request for dismissal is not an assertion of the right, but rather an assertion of the remedy, and that an assertion of the speedy trial right must manifest, at the very least, "a desire to be tried promptly." *Frye II*, 498 F.3d at 211-212. Thus, a motion for dismissal is "not evidence that the defendant wants to be tried promptly," rather, an assertion of the speedy trial right requires "a demand for a speedy trial, which will generally be an objection to a continuance or a motion asking to go to trial." *Id.* With respect to the first *Barker* factor, the Fifth Circuit also unequivocally declared that "the length of delay will generally not create a presumption of prejudice unless the post-indictment delay lasted at least five years." *Id.* at 210.

On July 7, 2008, Judge Doherty issued a detailed, 154 page Memorandum Ruling in which the Court, relying almost exclusively on the Fifth Circuit's intervening decision in *Frye II*, found that Celestine's Sixth Amendment right to a speedy trial was not violated. Accordingly, Judge Doherty refused to dismiss Celestine's Indictment, instead electing to impose upon the government certain limitations on the evidence it could offer at trial. In so doing, based on *Frye II*, Judge Doherty expressly rejected the undersigned's finding that Celestine had asserted his Sixth Amendment right to a speedy trial with sufficient particularity by virtue of his having filed Motions to Dismiss, and further that

3

analysis of the *Barker* factors and the fact that Celestine's pre-trial incarceration was less than five years (1615 days of pre-trial incarceration, 815 of which were attributable to the government) did not create a presumption of prejudice. [rec. doc. 114-1, pgs. 22-24, 28, 34-35, 38-39, 41-42, 5–54, 57-58 and 63].

On February 19, 2009, Alfred F. Boustany, II, who had represented Celestine his prior 2001 federal prosecution, filed a Motion to Enroll as counsel for Celestine for the limited purpose of filing a Motion to Dismiss the Indictment. [rec. doc. 137]. The Motion was denied during the pre-trial conference held that same date; however, permission to re-file the Motion was granted in the event that court appointed counsel Pride J. Doran concurred. [rec. doc. 144].

On February 23, 2009, Mr. Boustany again sought to enroll as counsel for the limited purpose of filing a Motion to Dismiss based on an alleged violation of the Speedy Trial Act. In so doing, Mr. Boustany indicated that he and Mr. Doran had discussed the matter and that Mr. Doran concurred in both the filing of the motion to enroll and the filing of a Motion to Dismiss based on an alleged violation of the Speedy Trial Act. [rec. doc. 142].

That same date, February 23, 2009, Mr. Doran filed a Motion to Dismiss based exclusively on an alleged violation of the Speedy Trial Act. [rec. doc. 143]. Accordingly, Mr. Boustany, who had prepared the Motion, sought and was granted a dismissal of his motion to enroll as the motion filed by Mr. Boustany was moot. [rec. docs. 145 and 148].

On February 25, 2009, the Court adopted its prior analysis of Celestine's Speedy Trial Act claim and, accordingly, denied the Motion to Dismiss. [rec. docs. 146 and 147].

Trial commenced on March 3, 2009. However, prior to jury selection, the parties advised that they had arrived at a plea agreement. Later that same day, Celestine pled guilty to Count 1 of the Indictment, which charged him with conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. [rec. docs. 163, 169, 177].

In connection with his guilty plea, Celestine executed a written plea agreement which expressly included a reservation of his right to appeal the district court's prior adverse ruling "as it relates to Double Jeopardy and the Speedy Trial Act." [rec. doc. 177]. A similar statement was included Celestine's "Affidavit of Understanding of Maximum Penalty and Constitutional Rights," which provided that the defendant "does not waive his right to appeal as it relates to Double Jeopardy and the Statutory Speedy Trial Act." [rec. doc. 177-1]. Finally, an identical statement was included in Celestine's "Elements of the Offense, Venue, and Stipulated Facts." [rec. doc. 177-2]. The plea agreement, affidavit, and factual stipulation were all signed by Celestine, defense counsel, and counsel for the United States and were filed into the record in connection with the defendant's guilty plea.

Moreover, during the plea colloquy, the district court, while reviewing the factual stipulation, noted its understanding that "the defendant does not waive his right to appeal as it relates to double jeopardy and the statutory Speedy Trial Act." In response to this, counsel for Celestine agreed that this statement was correct, and counsel for the

5

United States stated that the conditional plea was acceptable to the government. The defendant then personally acknowledged his signature on the document and confirmed that all the facts set forth in it were correct. [rec. doc. 301, pgs. 18-19]. A few minutes later, when reviewing the terms of the written plea agreement, it was again noted that the Celestine was reserving his right to appeal "as it relates to double jeopardy and the Speedy Trial Act", to which Celestine acknowledged that he understood that to be the case. [*Id.* at pg. 23].

Prior to sentencing, on October 28, 2011, Celestine filed another Motion to Dismiss arguing a violation of the Sixth Amendment right to a speedy trial and a violation of Rule 32(b)(1) of the Federal Rules of Criminal Procedure, based on the length of delay not only from the date of entry of Celestine's guilty plea to sentencing, but also the length of the delay from the institution of the prosecution. [rec. docs. 224 and 225]. On December 9, 2011, the Court denied the Motion. With respect to the delay through acceptance of the guilty plea, the Court adopted its prior reasoning for dismissal; with respect to the pre-sentencing delay, the Court found no violation had occurred. [rec. doc. 238, 239].

Following a status conference and the grant of a Motion for extension of time filed by Celestine, on March 14, 2012, Celestine was sentenced to ten years imprisonment, with credit for time served in connection with Celestine's prior federal prosecution from January 23, 2002 to June 27, 2006, as well as that served in connection with the present prosecution. [rec. doc. 263 and 268].

6

Celestine directly appealed to the United States Fifth Circuit Court of Appeal asserting a single ground for relief, that the district court erred in not adopting the undersigned's recommendation to dismiss Celestine's Indictment on grounds that Celestine's Sixth Amendment speedy trial right was violated. [rec. doc. 317-2].

In response, the government filed a Motion to Dismiss the Appeal based on Celestine's waiver of his right to appeal all claims except claims based on double jeopardy and the Speedy Trial Act. [rec. doc. 317-3]. Celestine opposed the Motion arguing that defense counsel intended to reserve appeal of the Court's ruling denying his Motion to Dismiss, and that the failure to reserve appeal on Celestine's Sixth Amendment speedy trial claim was "careless oversight." [rec. doc. 317-4].

On April 22, 2013, the Fifth Circuit affirmed Celestine's conviction, finding that his voluntary guilty plea and failure to reserve an appeal of his Sixth Amendment claim waived his right to appeal that issue; the Fifth Circuit also denied the government's Motion to Dismiss the Appeal. The Judgment was issued as Mandate on May 14, 2013. [rec. doc. 306].

In the instant motion to vacate, filed on September 25, 2013, Celestine argues that he received ineffective assistance of counsel because counsel failed to preserve Celestine's right to appeal his Sixth Amendment right to a speedy trial claim.

## LAW AND ANALYSIS

**Claims Properly Considered in this § 2255 Motion/Scope of Review**

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." Moreover, ineffective assistance of counsel claims are properly presented in a § 2255 proceeding. *See Massaro v. United States*, 538 U.S. 500, 504–05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Ross v. United States*, 495 Fed. Appx. 548, 2012 WL 5360874 (5th Cir. 2012) *citing Massaro, supra*.

No evidentiary hearing is required in a § 2255 petition where the claims made by the petitioner are either contrary to law or plainly refuted by the record. *United States v. Green,* 882 F.2d 999, 1008 (5th Cir.1989). The claim presented in the instant case is plainly refuted by the record. Accordingly, no evidentiary hearing is necessary. The issue will be resolved by considering the briefs filed by the parties and the court record.

**Ineffective Assistance of Counsel**

Petitioner contends that he was denied the effective assistance of counsel because his attorney, Pride J. Doran, failed to preserve Celestine's right to appeal his Sixth

Amendment right to a speedy trial claim, which Celestine contends was "the only meritorious issue for appeal."

To prevail on an ineffective assistance of counsel claim, a petitioner must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

The burden is on the petitioner to show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. Judicial scrutiny of counsel's performance must be "highly deferential," and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's alleged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (citation omitted). Thus, this court's review "strongly presum[es] that counsel has exercised reasonable professional judgment." *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996) *quoting Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it

is so ill chosen that it permeates the entire trial with obvious unfairness." *Martinez v. Dretke,* 404 F.3d 878, 885 (5th Cir. 2005).

*Strickland'*s prejudice element requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[4] A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) *citing Strickland,* 104 S.Ct. at 2068.   With respect to appeals, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the appeal; thus, the petitioner must show that there is a reasonable probability that, but for counsel's "deficient performance, the outcome of his appeal would have been different." *Amador v. Quarterman*, 458 F.3d 397, 411 and 412 (5th Cir. 2006).

---

[4]The *Strickland* court outlined the extent of prejudice that must be established by the defendant:
>An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of the criminal proceeding if the error had no effect on the judgment.  *Cf. United States .v Morrison,* 449 U.S. 361, 364-65 (1981).
>
>Defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability exists if the probability is sufficient to undermine confidence in the outcome.
>
>When a defendant challenges a conviction, the question is whether there is reasonable probability that absent the errors the fact-finder would have a reasonable doubt respecting guilt.

*Strickland, supra*, at pages 691-692.

A petitioner must affirmatively prove prejudice. *Deville*, 21 F.3d at 659; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995); *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir. 1998). Self serving conclusory statements that the outcome would have been different "fall far short of satisfying *Strickland*'s prejudice element." *Sayre*, 238 F.3d at 635. Moreover, allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

Because both *Strickland* factors, that of deficient performance and prejudice, must be satisfied, "an ineffective assistance contention may be rejected on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance." *Strickland,* 466 U.S. at 689-94. Petitioner must satisfy both prongs of *Strickland,* demonstrating both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999); *Green v. Johnson,* 160 F.3d 1029, 1035-36 (5th Cir. 1998). However, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue*." Green,* 160 F.3d at 1043.

In this case, Celestine's ineffective assistance of counsel claim may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *See Strickland,* 466 U.S. at 689-94. Celestine argues that the fact that two judges, the undersigned Magistrate Judge and District Judge Doherty, reached different conclusions on his Sixth Amendment claim, "it cannot be gainsayed that the

11

error was not prejudicial." [rec. doc. 318, pg. 3]. However, in light of the procedural history set forth above, that argument lacks merit.

While the undersigned did recommend dismissal of the Indictment based on a finding that the Sixth Amendment right to speedy trial had been violated in this case, that recommendation was issued *before* the Fifth Circuit's decision in *Frye II* was rendered. Judge Doherty ruled after *Frye II* was decided, and, as Judge Doherty correctly held, under the Fifth Circuit's decision in *Frye II*, there was no Sixth Amendment violation in this case. Judge Doherty's finding was based almost exclusively on the Fifth Circuit's intervening decision in *Frye II*. Had the undersigned had the benefit of the Fifth Circuit's decision in *Frye II*, the undersigned's finding would have been exactly the same as that found by Judge Doherty, that is, that no Sixth Amendment speedy trial violation occurred in this case.

The holdings in *Frye II* relied upon by Judge Doherty remain valid and have not been overruled, questioned or modified in any relevant way.[5] Indeed, the undersigned recently relied on *Frye II* to find that a defendant had not timely asserted her Sixth Amendment right to speedy trial. *United States v. Valdez*, 2013 WL 696914, *18 (W.D. La. 2013). Accordingly, the claim would not have been meritorious on appeal. Thus,

---

[5]The undersigned's research reveals that only one year ago, the Fifth Circuit relied on the *Frye* holdings to find no Sixth Amendment speedy trial violation. *See Laws v. Stephens*, 536 Fed. Appx. 409, 412 and 413 (5th Cir. 2013) (re-affirming that a presumption of prejudice from delay applies only where the delay is at least five years and that a motion to dismiss seeking release and dismissal of an indictment is not a sufficient assertion of the Sixth Amendment speedy trial right).

Celestine has failed to demonstrate any prejudice as a result of counsel's alleged failure to preserve appeal of his Sixth Amendment claim.

Moreover, although not necessary to a resolution of petitioner's claim, given Judge Doherty's detailed and well reasoned ruling in which she explained the adverse impact of *Frye II* on the undersigned's analysis, it is most likely that counsel made "[a] conscious and informed decision" not to reserve appeal on Celestine's Sixth Amendment speedy trial claim, as the claim was rendered non-meritorious by virtue of the *Frye II* decision. Indeed, as the government notes, after Judge Doherty's ruling, both Mr. Doran and Mr. Boustany concurred in the decision to pursue an additional Motion to Dismiss based solely on the Speedy Trial Act, thereby evidencing a clear intention not to pursue a non-meritorious Sixth Amendment claim.

Furthermore, as the Fifth Circuit noted in its decision on direct appeal, counsel's decision not to reserve appeal of Celestine's Sixth Amendment claim was not a "careless oversight." Rather, the record demonstrates that the decision was a reasoned choice made after evaluation of the then applicable law, including *Frye II*, as applied to the facts of this case. Such "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" and "cannot be the basis for constitutionally ineffective assistance of counsel unless [the decision] is so ill chosen that it permeates the entire trial with obvious unfairness." *Strickland,* 466 U.S. at 690; *Martinez,* 404 F.3d at 885; *see also St. Aubin v. Quarterman*, 470 F.3d 1096, 1102 (5th Cir. 2006).

Under the applicable law and facts, counsel's decision to forego appeal of Celestine's Sixth Amendment speedy trial claim cannot be deemed ill chosen, nor can the decision be found to permeate the proceedings with obvious unfairness.  Accordingly, counsel did not render deficient performance.

For the foregoing reasons, the undersigned recommends that George Celestine's § 2255 Motion be **DENIED and DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed this 14th day of August, 2014, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  8/15/2014
By:  MBD